Song v. Yates

BIA
Vomacka, IJ
A087 980 868

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand seventeen.

PRESENT:
>        DENNIS JACOBS,
>        PETER W. HALL,
>        CHRISTOPHER F. DRONEY,
>              *Circuit Judges.*

_____

XIANG YUAN SONG,
>        *Petitioner,*

>        v.                                        15-2402
>                                                  NAC

SALLY Q. YATES, ACTING UNITED
STATES ATTORNEY GENERAL,
>        *Respondent.**

_____

FOR PETITIONER:        Jay Ho Lee, New York, N.Y.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Anthony
                       P. Nicastro, Acting Assistant

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Sally Q. Yates is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

Director; Bernard A. Joseph, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiang Yuan Song, a native and citizen of China, seeks review of a January 22, 2014, decision of the BIA, affirming a May 2, 2012, decision of an Immigration Judge ("IJ") denying Song's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiang Yuan Song,* No. A087 980 868 (B.I.A. Jan. 22, 2014), *aff'g* No. A087 980 868 (Immig. Ct. N.Y.C. May 2, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Song's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a negative credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements "without regard to whether" the inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the agency's determination that Song was not credible.

The agency's determination that Song lacked credibility with respect to her alleged religious persecution, which Song does not challenge, infects her forced abortion claim as well. *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (holding that "a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). Furthermore, in considering the totality of the circumstances, as it was required to do, the agency properly

3

examined Song's inconsistent statements and demeanor problems as a whole. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Moreover, even if Song's forced abortion claim is assessed in isolation, substantial evidence supports the agency's adverse credibility determination. Inconsistencies in Song's testimony called into question the timeline of her pregnancy and undermined her claim as a whole. Song testified that she was required to have an abortion in part because she was under 20 years old. But she later conceded that she would have been 20 or 21 years old when she became pregnant. Song's inconsistent testimony regarding whether and when she finished school called into question whether she was running a business and, thus, whether she met the man by whom she became pregnant through that business. These discrepancies reasonably left the agency with the impression that Song was not recalling her own lived experience. Contrary to Song's position, the agency may rely on inconsistencies regarding collateral issues where, as here, the totality of the circumstances reflects a lack of credibility. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

The agency also reasonably concluded that Song's corroborating evidence, including her abortion certificate and

4

letters from family in China, was not sufficient to rehabilitate her testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007); *see also Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006) (concluding that 1998 State Department report, which found no evidence that Chinese authorities issue abortion certificates for involuntary abortions, was probative evidence that agency could rely on in assessing plausibility of claim). *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (concluding that document drafted by interested witness not subject to cross examination was entitled to little weight), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Song also challenges the agency's reliance on her testimony regarding a two-month trip to Japan and her use of fraud to obtain a visa to the United States. These arguments lack merit. Her testimony on these issues was inconsistent and evasive. 8 U.S.C. § 1158(b)(1)(B)(iii). Song's return to China after a two-month trip to Japan in 2008 called into question the plausibility of her religious persecution claim and cast doubt on her subjective fear of persecution in China. The IJ was not compelled to credit Song's explanation that Japan did not have as much religious freedom as the United States because it does

5

not explain why Song went back to China despite her fear of persecution. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

And, as the agency found, Song's testimony regarding her efforts to obtain a U.S. visa was nonresponsive and equivocal. Song initially insisted that she did not know the documents submitted to obtain the visa were fraudulent, but later testified that she spent three days before her consular interview practicing her false story. Song's argument that this fraud cannot be considered in assessing credibility is misplaced. Although the agency may not rely on false documents created to flee imminent persecution, *Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133 (2d Cir. 2006), Song's situation is distinguishable. The only imminent persecution alleged was on account of her religion, and she does not contest her lack of credibility on that claim.

Given the IJ's demeanor finding, which Song does not challenge, and the multiple inconsistencies, the totality of the circumstances supports the agency's credibility finding. *Xiu Xia Lin*, 534 F.3d at 167. Because Song's claims for asylum, withholding of removal, and CAT relief were based on the same factual predicate, the adverse credibility determination is

6

dispositive of all three forms of relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk